UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ANTHONY K. IT,

        Plaintiff,

        v.                               Case No. 22-cv-0126-bhl

JOHN DOE OFFICER,

        Defendant.

## DECISION AND ORDER

Plaintiff Anthony K. It, a state prisoner who is currently representing himself, filed a complaint under 42 U.S.C. §1983, along with a motion to proceed without prepaying the filing fee. The Prison Litigation Reform Act (PLRA) applies to this case because Mr. It was incarcerated when he filed his complaint. Under the PLRA, a prisoner may not bring a civil action *in forma pauperis*

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. §1915(g). When determining whether a prisoner has acquired three "strikes" under §1915(g), a court "must consider prisoner actions dismissed on any of the three enumerated grounds both before and after the enactment of the PLRA." *Evans v. Ill. Dep't of Corrs.*, 150 F.3d 810, 811 (7th Cir. 1998) (citing *Abdul–Wadood v. Nathan*, 91 F.3d 1023, 1025 (7th Cir. 1996)).

Mr. It is a frequent filer. Over the years, he has filed more than thirty cases, including in this district, the Western District of Wisconsin, the Northern District of Oklahoma, the District of

Arizona, and the Central District of Illinois. After encountering challenges in a case, he frequently opts to voluntarily dismiss, but only after the Court and Defendants have expended valuable time and resources. According to court records, at least three of Mr. It's cases have been dismissed for failure to state a claim. *See It v. Unknown Police Officers*, Case No. 17-1561-JES-JEH (C.D. Ill. Dec. 20, 2017) (dismissed for failure to state a claim); *It v. Unknown Police officers*, Case No. 18-1357-JES-JEH (C.D. Ill. Oct. 25, 2018) (dismissed for failure to state a claim); and *It v. Maricopa County,* Case No. 18-3316-PHX-SMB (D. Ariz. Aug. 23, 2019) (explaining that "[f]ailure to state a claim includes circumstances where a defense is complete and obvious from the face of the pleadings" such as when a complaint is filed years after the expiration of the statute of limitations).

Because Mr. It has previously filed at least three actions that were dismissed for failure to state a claim, the Court will deny his motion for leave to proceed without prepayment of the filing fee unless he is under imminent danger of serious physical injury. "The 'imminent danger' exception to §1915(g)'s 'three strikes' rule is available 'for genuine emergencies,' where 'time is pressing' and 'a threat . . . is real and proximate." *Heimermann v. Litscher,* 337 F.3d 781, 782 (7th Cir. 2003) (*quoting Lewis v. Sullivan,* 279 F.3d 526, 531 (7th Cir. 2002)).

Mr. It purports to bring a Fourth Amendment claim based on allegations that an unknown officer used excessive force against him after Mr. It asked for directions to a hospital. Dkt. No. 1. Mr. It's allegations do not give rise to an inference that he is in "imminent" danger of serious physical injury. It has long been held that "[a]llegations of past harm do not suffice; the harm must be imminent or occurring at the time the complaint is filed." *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003). Mr. It alleges only a past harm, so he does not satisfy the exception to §1915(g)'s three strikes rule.

Because Mr. It has struck out and because his allegations do not give rise to a reasonable inference that he is in imminent danger of serious physical injury, the Court will deny his motion to proceed without prepaying the filing fee. If Mr. It wants to proceed with this case, he must first pay the $402 filing fee. If he is unable to prepay the full filing fee by the deadline below, the Court will dismiss this case without prejudice and will assess Mr. It the $350 statutory filing fee, which he must pay over time in the manner set forth in 28 U.S.C. §1915(b).

**IT IS THEREFORE ORDERED** that Mr. It's motion to proceed without prepaying the filing fee (Dkt. No. 2) is **DENIED**.

**IT IS FURTHER ORDERED** that, if Mr. It wants to proceed with this case, he must make arrangements to pay the $402 filing fee by **March 4, 2022**. If the Court receives the filing fee before the deadline, the Court will screen his complaint as required by 28 U.S.C. §1915A. If the Court does not receive the filing fee by the deadline, the Court will dismiss this case without prejudice.

Dated at Milwaukee, Wisconsin on February 2, 2022.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge